IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RANDALL MCBRAYER,

    Petitioner,

v.                                                            Civil Action No. 3:09cv411

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Randall McBrayer, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] McBrayer challenges his convictions for assault and battery of a police officer and two counts of breaking and entering. (Pet. 2.) Respondent filed a Rule 5 Answer (Docket No. 5) and Motion to Dismiss (Docket No. 4), providing McBrayer with appropriate *Roseboro*[2] notice (Docket No. 7). Respondent contends that the statute of limitations bars this action. (Resp't's Br. Supp. Mot. Dismiss 3-6.) (Docket No. 6.) McBrayer responded to the motion (Docket Nos. 10, 12),[3] and the matter is ripe

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] McBrayer submitted a brief in opposition to Respondent's Motion to Dismiss, and later a Supplemental Brief in Support of Brief in Opposition. (Docket Nos. 10, 12.)

for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons stated below, Respondent's Motion to Dismiss will be GRANTED.

## I. Procedural History

On January 2, 2004, the Circuit Court of Henrico County sentenced McBrayer to fifteen years of incarceration, with nine years suspended, as a result of McBrayer's convictions, after entering pleas of guilty, of assault and battery of a police officer and two counts of breaking and entering.[4] (Resp't's Br. Supp. Mot. Dismiss 1.) McBrayer did not appeal his convictions. (Pet. 2.)

On December 4, 2005, McBrayer filed his first petition for a writ of habeas corpus in the Circuit Court for Henrico County, which the Court denied on May 9, 2007. (Pet. 4.) On October 24, 2007, the Supreme Court of Virginia refused McBrayer's petition for appeal. (Resp't's Br. Supp. Mot. Dismiss 2.) On January 9, 2008, McBrayer submitted a second habeas petition in the Circuit Court for Henrico County. (Resp't's Br. Supp. Mot. Dismiss 2.) The court dismissed McBrayer's second petition on March 4, 2008. (Pet. 5; Resp't's Br. Supp. Mot. Dismiss 2.)

On June 12, 2009, McBrayer filed his present Petition in this Court.[5] McBrayer asserts three grounds for relief:

> Claim One: That his Sixth Amendment[6] right to effective assistance of counsel was violated because his trial counsel:

---

[4] McBrayer asserts that he was convicted of assault and battery of a police officer, two counts of breaking and entering, and attempt to escape. (Pet. 1.)

[5] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

2

(A) "failed to conduct any pre-trial investigation ... which led to the violation of petitioner's Fourth Amendment rights" (Pet'r's Mem. A. 1)[7];

(B) failed to file an appeal, despite McBrayer's request that he do so (Pet'r's Mem. A. 1);

(C) incorrectly informed McBrayer that one of his charges would be dropped if McBrayer pled guilty (Pet'r's Mem. A. 1);

(D) failed to request that the trial judge recuse himself (Pet'r's Mem. A. 1);

(E) failed to seek a "Court Order ordering discovery;" (Pet'r's Mem. A. 1); and,

(F) failed to request that the Commonwealth respond in writing to McBrayer's discovery requests. (Pet'r's Mem. A. 1.)

Claim Two: That his Fourteenth Amendment[8] right to due process was violated on the basis of:

(A) judicial bias, which McBrayer contends resulted from the trial judge witnessing two of the crimes of which McBrayer was convicted, both "his attempted escape and ... the assault on one of [the judge's] ('well-liked') court officers" (Pet'r's Mem. B. 1); and,

(B) prosecutorial misconduct, which McBrayer alleges occurred when the Commonwealth's Attorney who prosecuted him "submitted and used false evidence during [McBrayer's] trial." (Pet'r's Mem. B. 1.)

---

[7] McBrayer submitted a brief in support of his Petition. McBrayer divided the brief into three sections: Memorandum A addresses Claim One, Memorandum B addresses Claim Two, and Memorandum C addresses Claim Three. (*See* Pet'r's Mems. A-C.) Each is separately paginated.

[8] "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1.

> Claim Three: That his Fourteenth and Fourth Amendment[9] rights were violated because insufficient probable cause existed for the search warrant executed against him.

(Pet. 6, 7, 9.) Finally, in his response in opposition to Respondent's Motion to Dismiss, McBrayer asserts that his claims "fall under the fundamental 'miscarriage of justice' clause and should not be procedural[ly] barred under the [Antiterrorism and Effective Death Penalty Act] as contained in U.S.C. § 2244(d)." (Pet'r's Br. Opp'n Resp't's Mot. Dismiss 4.)

## II. Analysis

### A. Time Bar

28 U.S.C. § 2244 requires a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[9] The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

McBrayer's conviction became final on Sunday, February 1, 2004.[10] McBrayer filed his first state petition for a writ of habeas corpus on December 4, 2005.[11] Under the applicable one-year limitation period, McBrayer had until Tuesday, February 1, 2005, to file a federal petition for a writ of habeas corpus. McBrayer did not file his federal habeas petition until June 12, 2009. His petition is therefore time barred unless McBrayer merits equitable tolling of the statute of limitations.[12] 28 U.S.C. § 2244(d)(1)(A).

B. **Equitable Tolling**

1. **McBrayer Does Not Merit Equitable Tolling**

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be

---

[10] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). McBrayer had thirty days from January 2, 2004, the date the Circuit Court of Henrico County sentenced him, in which to note his appeal to the Court of Appeals of Virginia. Va. Sup. Ct. R. 5:9(a). Thus, McBrayer's time for seeking direct review expired on February 1, 2004.

[11] Because the one-year period had already run by the time he filed his first state habeas petition, neither that petition nor his subsequent state habeas petition entitled McBrayer to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). *See Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

[12] McBrayer makes no argument that any other section of 28 U.S.C. § 2244(d) triggers the commencement of the statute of limitations.

unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

McBrayer makes no valid argument as to why the Court should equitably toll the statute of limitations on his federal petition for writ of habeas corpus. Instead he suggests that this Court may review his petition despite his failure to comply with the statute of limitations because failure to do so would constitute a fundamental miscarriage of justice. (Pet'r's Br. Opp'n to Resp't's Mot. Dismiss 2-4.)

### 2. McBrayer Incorrectly Invokes the Fundamental Miscarriage of Justice Exception

The "fundamental miscarriage of justice exception" permits review of otherwise procedurally barred claims only in those "extraordinary instances" where the petitioner "makes a proper showing of actual innocence." *Turner v. Jabe*, 58 F.3d 924, 931-32 (4th Cir. 1995) (citations omitted). "[T]o establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999); *see also*

*United States v. Olano*, 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent.").[13]

To support a claim of actual innocence, a petitioner must produce "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If a petitioner meets this burden, the Court must then evaluate "petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328 (internal quotations omitted). A petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

McBrayer presents no new evidence to support his claims. McBrayer's contention that "his constitutional rights have <u>clearly</u> been violated under the Sixth and Fourth Amendment[s] . . . [and] that his trial attorney was ineffective" (Pet'r's Br. Opp'n Resp't's Mot. Dismiss 3) does not amount to the sort of new, reliable evidence necessary to support a claim of actual

---

[13] It is not clear to this Court that the "fundamental miscarriage of justice exception" applies in the context of claims barred by the statute of limitations. *Mikalajunas*, 186 F.3d at 494 (applying exception in the context of procedurally defaulted claims); *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence . . . presented . . . as gateways to excuse a procedural default . . . should not be granted casually.") (internal citations omitted); *Turner*, 58 F.3d at 931-32 (applying exception in the context of procedurally defaulted claims); *Petty v. Padula*, No. 08-2967, 2009 WL 3063127, at *2 (D.S.C. Sept. 21, 2009) ("The United States Supreme Court has not established an exception to the AEDPA one-year statute of limitations based on 'actual innocence' in non-capital cases."). This Court need not resolve this issue, however. As discussed below, even if the Court were to consider McBrayer's claims under the fundamental miscarriage of justice exception, the claims must fail.

innocence.[14] *See Schlup*, 513 U.S. at 324; *House v. Bell*, 547 U.S. 518, 540-54 (2006). Accordingly, because McBrayer has failed to support a claim of actual innocence with new, reliable evidence, the claim must be rejected.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Frazier is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

---

[14] At best, McBrayer's arguments support the contention that he is legally innocent of the crimes for which he was convicted. Legal innocence fails to meet the standard to establish actual innocence. *See Mikalajunas*, 186 F.3d at 494.

8

## IV. Conclusion

For the foregoing reasons, the Court finds McBrayer's Petition barred by the statue of limitations. Respondent's Motion to Dismiss will be GRANTED. (Docket No. 4.) McBrayer's Motion for Evidentiary Hearing will be DENIED. (Docket No. 13.) The Petition will be DENIED. (Docket No. 1.) A COA will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-2-10